IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

DEMARCUS STEWARD )
 )  Case No. 3:24-cv-00952
v. )
 )
HCTec PARTNERS, LLC )

TO:   Honorable Waverly D. Crenshaw, Jr., United States District Judge

### R E P O R T   A N D   R E C O M M E N D A T I O N

By Order entered October 24, 2024 (Docket Entry No. 9), this *pro se* and *in forma pauperis* employment discrimination case was referred to the Magistrate Judge for pretrial proceedings.

Pending before the Court is the motion to dismiss filed by Defendant HCTec Partners LLC (Docket Entry No. 15). Plaintiff opposes the motion. For the reasons set out below, the undersigned respectfully recommends that the motion be **GRANTED** and that this case be **DISMISSED**.

### I.   FACTUAL BACKGROUND

Demarcus Steward ("Plaintiff") is an African American male who resides in Alabama. On August 6, 2024, he filed this lawsuit *pro se* and *in forma pauperis* against HCTec Partners LLC ("Defendant"), a business in Brentwood, Tennessee. *See* Complaint (Docket Entry No. 1). Plaintiff describes Defendant as a "Healthcare IT staffing company specializing in the fulfillment of various roles of employment in the healthcare field," (*id*. at ¶ 2), and describes himself as a "Healthcare IT consultant." (*Id*. at ¶ 1.) Plaintiff alleges that he sought out employment with Defendant in January 2023 and that he continued to communicate with Defendant about jobs during February 2023. (*Id*. at ¶¶ 1-12.) He alleges that, although he was offered a position by Defendant,

the position he was offered was for less hours, salary, and incentives than the other positions about which he had inquired. (*Id*. at ¶¶ 13-14.)[1] He further contends that Defendant's agents were "completely unresponsive" and/or failed to communicate with him regarding his desire for a different position. (*Id*. at ¶¶ 15-16.) Plaintiff alleges that:

> HCTec Partners LLC blatantly discriminated against [Plaintiff] on the basis of gender and race in its failure to hire by not considering the Plaintiff for specific position or his desired employment while considering those of other genders and races; While offering the Plaintiff a position of lesser value.

(*Id.* at ¶ 26.)

After filing a charge of discrimination with the Tennessee Human Rights Commission on May 21, 2024,[2] Plaintiff received a Determination and Notice of Rights ("right-to-sue letter") from the Equal Employment Opportunity Commission ("EEOC") on May 23, 2024. (*Id*. at Section IV and Docket Entry No. 1-1 at 4-5.) He thereafter brought this lawsuit, asserting that he was unlawfully discriminated against on the basis of race and gender because of a "failure to hire" and bringing claims for damages under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq*. ("Title VII"), and the Tennessee Human Rights Act, T.C.A. §§ 4-21-101 *et seq*. ("THRA"). *See* Complaint (Docket Entry No. 1) at Sections II and III. In lieu of filing an answer, Defendant

---

[1] Plaintiff does not identify the position he was offered by Defendant or the exact positions that he was seeking, stating only that he had communicated with defendant by e-mail "in attempts to apply specifically for specific Healthcare IT Implementation Specialist consulting positions." *See* Complaint (Docket Entry No. 1) at ¶ 5.

[2] Although Plaintiff states in his complaint that he filed his charge of discrimination on May 16, 2024, *see* Complaint at Section IV, the charge, which both parties have attached to their filings on the motion to dismiss, states that it was filed on May 21, 2024. (Docket Entry No. 15-1 at 2-3 and Docket Entry No. 21-1 at 1.) The difference in these dates is not significant for the purpose of resolving the motion to dismiss.

filed the pending motion to dismiss. A scheduling order has not yet been issued in the case pending resolution of the motion to dismiss.

## II. MOTION TO DISMISS AND RESPONSE

Defendant seeks the dismissal of this case under Rule 12(b)(6) of the Federal Rules of Civil Procedure. The sole argument raised in the motion is that Plaintiff's claims are time-barred under the applicable law. *See* Memorandum in Support (Docket Entry No. 16). Specifically, Defendant asserts that Title VII requires Plaintiff to have filed his charge of discrimination within 300 days of the alleged unlawful employment practice and that the THRA has a one-year statute of limitations. Defendant argues that Plaintiff's claims are based upon alleged discriminatory acts that occurred in January and February of 2023, yet he filed his charge of discrimination more than 300 days after these acts and brought his THRA claim in this lawsuit well beyond one year after these acts. Defendant contends that it is therefore clear from the face of Plaintiff's own complaint that his claims must be dismissed as time barred.

In response, Plaintiff asserts that his claims are not time-barred. *See* Response in Opposition (Docket Entry No. 21). Essentially, Plaintiff argues that he was continuously discriminated against from January and February 2023 until the time that he filed his charge of discrimination in May 2024 because Defendant failed to communicate with him about the job that he desired but was not offered. (*Id*. at 7-11.[3] Indeed, Plaintiff specifically asserts that he "was discriminated against for sixteen consecutive months," (*id*. at 9), and that "the defendant's discriminatory practices, for the context of this complaint, ceased on May 16th, 2024." (*Id*. at 10.)

---

[3] The Court's reference to page numbers for Plaintiff's response are to the page numbers on the docket entry for the response not to the page numbers listed in the response itself.

3

In reply, Defendant argues that it is well settled that the theory of a continuing violation does not apply to discrete acts of alleged unlawful discrimination such as a failure to hire. *See* Reply (Docket Entry No. 22). Defendant contends nothing raised by Plaintiff in his response is sufficient to rebut its argument that Plaintiff's claims are clearly based upon a discrete and distinct act that occurred in February 2023, at the latest, and the claims are therefore time-barred because they were brought too late. (*Id.*)

### III. STANDARD OF REVIEW

Defendant's Rule 12(b)(6) motion to dismiss is reviewed under the standard that the Court must accept all of the well pleaded allegations contained in the complaint as true, resolve all doubts in Plaintiff's favor, and construe the complaint liberally in favor of the *pro se* Plaintiff. *Kottmyer v. Maas*, 436 F.3d 684 (6th Cir. 2006); *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999); *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 11-12 (6th Cir. 1987). Plaintiff's factual allegations must be enough to show a plausible right to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-61 (2007). The complaint must contain either direct or inferential factual allegations that are sufficient to sustain a recovery under some viable legal theory. *Id.*; *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436-37 (6th Cir. 1988).

The Court's role in ruling on Defendant's motion to dismiss is not to review the evidentiary support for Plaintiff's claims. Instead, it is to assess whether the legal defense raised by Defendant requires the dismissal of Plaintiff's claims even if Plaintiff's well-pleaded factual allegations are accepted as true at this stage of the proceedings. When the allegations of a complaint affirmatively show that a claim is time-barred, dismissing the claim under Rule 12(b)(6) for failure to state a claim is appropriate. *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012).

In reviewing motions to dismiss, the Court should generally not consider matters outside the pleadings. However, Plaintiff's charge of discrimination, which is attached to both parties' filings on the motion to dismiss, is appropriately considered because it is a public record and is also referred to by Plaintiff in his complaint and is central to his claims. *Bassett v. National Collegiate Athletic Assn.*, 528 F.3d 426, 430 (6th Cir. 2008).

## IV. ANALYSIS

By its motion, Defendant raises a meritorious defense that Plaintiff's claims are not timely and that such untimeliness is apparent from the face of the complaint. Plaintiff's arguments against the motion are groundless and fail to excuse his failure to pursue the claims in a timely manner. Accordingly, Defendant's motion is properly granted and dismissal of this lawsuit is warranted.

Defendant correctly identifies the relevant deadlines for bringing a charge of discrimination under Title VII and for filing a discrimination lawsuit under the THRA. Title VII requires that a charge of discrimination be filed within 300 days of the alleged unlawful conduct in order for a plaintiff to later bring a lawsuit under Title VII based upon that conduct.[4] *See* 42 U.S.C. § 2000e-5(e)(1); *Amani v. Oberlin College*, 259 F.3d 493, 498-99 (6th Cir. 2001). The THRA provides a plaintiff with "one (1) year after the alleged discriminatory practice ceases" within which to file suit. T.C.A. § 4-21-311(d); *Weber v. Moses*, 938 S.W.2d 387, 389-90 (Tenn. 1996). *See also Wade v. Knoxville Utils. Bd.*, 259 F.3d 452, 464 (6th Cir. 2001).

Plaintiff's complaint clearly shows that his claims are based upon allegations that he was not hired for a particular job(s) with Defendant, which he sought out but was not offered in

---

[4] Because Tennessee is a "deferral state" for the purposes of federal discrimination statutes, Plaintiff is permitted 300 days within which to file a charge of discrimination. *See Weigel v. Baptist Hosp. of E. Tenn.*, 302 F.3d 367, 375-76 (6th Cir. 2002).

5

January-February 2023. Indeed, there are no allegations contained in the complaint about any events occurring after this time.

Under Title VII, it is well settled that the refusal to hire an applicant is a discrete act that constitutes a separate "unlawful employment practice." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113-15 (2002) (stating that a failure to hire constitutes a discrete act). Such an act must be timely raised in an administrative charge to be actionable in a subsequent lawsuit brought under Title VII, *id*.; *Broadway v. United Parcel Serv., Inc.*, 499 F.Supp.2d 992, 999 (M.D.Tenn. 2007), and the failure to timely file a charge of discrimination is an appropriate basis for the dismissal of a claim. *Williams v. Northwest Airlines, Inc.*, 53 F.App'x 350, 351 (6th Cir. 2002). Because the 300-day limitations period for filing a charge of discrimination begins to run when a plaintiff has knowledge of the employment decision, practice, or action at issue, not when a plaintiff becomes aware of the consequences of the act or believes it to be unlawful, *Amini*, 259 F.3d at 498-99, Plaintiff had 300 days from Defendant's failure to hire him in January-February 2023, an event of which he was clearly aware, within which to bring his charge of discrimination. He failed to meet this deadline.

The THRA treats a failure to hire claim in a similar manner. The one-year statute of limitations under the THRA begins to run at the time the alleged discriminatory act occurs. *Booker v. The Boeing Co.*, 188 S.W.3d 639, 645 (Tenn. 2006). Because an employer's failure to hire a job applicant represents a discrete act that ceases at the time it occurs, *Cline v. BWXT Y-12, LLC*, 521 F.3d 507, 511 (6th Cir. 2008), Plaintiff had one year from not being hired in January-February 2023 to file his THRA claim. *Jenkins v. Trane U.S., Inc.*, No. 3:12-cv-1280, 2013 WL 3272489, at *7 (M.D. Tenn. June 27, 2013) (Trauger, J.) (Tennessee law treats a failure to hire

6

as a discrete act that triggers the one-year statute of limitations). Again, Plaintiff failed to meet this deadline.

Plaintiff's contentions that his claims should be viewed as timely are not supported by the law. This Court has repeatedly declined to apply a continuing violation theory to failure to hire claims such as the ones brought by Plaintiff. *See e.g. Bunt v. Clarksville Montgomery Cnty. Sch. Sys.*, Case No. 3:19-cv-01013, 2021 WL 1264431, at *10 (M.D. Tenn. Apr. 6, 2021) (Trauger, J.) ("to the extent the plaintiff is continuing to argue that the continuing violations doctrine applies to discrete claims of discrimination or retaliation, she is incorrect."); *Davis v. Cumberland Container Corp.*, No. 2:15-cv-00071, 2017 WL 4158391, at *3 (M.D. Tenn. Sept. 18, 2017); (continuing violation doctrine does not apply under THRA to "discrete incidents" or "individual acts of discrimination"); *Clemons v. Metro. Gov't of Nashville & Davidson Cnty., Tennessee*, No. 3:14-cv-01690, 2016 WL 465497, at *3 (M.D. Tenn. Feb. 8, 2016) (Campbell, J.) ("Because the failure to hire is a discrete act, the continuing violation doctrine is not applicable to Plaintiff's failure to hire claim under Title VII of the THRA"). Accordingly, Plaintiff's argument that Defendant's failure to hire him for any particular position constitutes an act of discrimination that continues on past the date on which he was not hired is contrary to the law.

There is no merit in any argument that Plaintiff was permitted to wait to pursue his failure to hire claims until he suspected that unlawful discrimination had occurred. *Amini*, 259 F.3d at 500. Similarly, there is no merit in Plaintiff's assertion that he was not required to either file his charge of discrimination or file his THRA lawsuit until he received some type of "communication from the Defendant regarding the sought after positions plaintiff inquired upon." (Docket Entry No. 21 at 9.) It is clearly apparent from Plaintiff's own complaint that he was aware no later than February 2023 that he had not been hired by Defendant for the position(s) he wanted. His awareness that he had not

7

been hired is not somehow rendered meaningless by the lack of a formal communication from Defendant that he had not been hired. *See Cline*, 521 F.3d at 512 (rejecting a job applicant's argument that THRA's limitation period did not begin to run until the applicant received actual notice from potential employer that the applicant had not been hired).

Plaintiff also argues that the triggering date for pursuing his claims did not occur until he filed his charge of discrimination. (Docket Entry No. 21 at 10) ("the defendant's discriminatory practices, for the context of this complaint, ceased on May 16th, 2024"). This argument is illogical. Such a theory would essentially render the limitation periods at issue meaningless and give Plaintiff unlimited time to pursue his claims. The case law cited by Plaintiff in his response simply does not support this novel argument.

Finally, neither Plaintiff's lack of knowledge of the need to file a claim within the applicable filing periods nor his *pro se* status provides a basis upon which to excuse the untimely filing of his claims. *Cheatom v. Quicken Loans*, 587 F.App'x 276, 281 (6th Cir. 2014); *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004); *Godspower v. Arnold*, No. 3:13-cv-1058, 2014 WL 4347619 at *2 (M.D. Tenn. Aug.29, 2014) (Trauger, J.).

# R E C O M M E N D A T I O N

For the reasons set out above, it is respectfully **RECOMMENDED** that the motion to dismiss filed by Defendant HCTec Partners LLC (Docket Entry No. 15) be **GRANTED** and that this lawsuit be **DISMISSED WITH PREJUDICE**.

**ANY OBJECTI**ONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections

within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

Respectfully submitted,

_____
BARBARA D. HOLMES
United States Magistrate Judge