UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DEMARCUS STEWARD, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:24-cv-00952 |
| HCTEC PARTNERS, LLC, | ) ) ) |
| Defendant. | ) |

### MEMORANDUM OPINION AND ORDER

Demarcus Steward filed Title VII and Tennessee Human Rights Act claims against HCTEC Partners, LLC, claiming it failed to hire him because of his race and gender. Defendant moved to dismiss because those claims are time-barred. Magistrate Judge Holmes agreed and recommended dismissal. (Doc. No. 23). Her Report and Recommendation (R&R) gave Plaintiff fourteen days to file objections and specifically warned that "failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation." (Id.) (citing Thomas v. Arn, 474 U.S. 140 (1985)). After Plaintiff failed to file timely objections, the Court adopted Judge Holmes' Report and Recommendation and independently concluded that Plaintiff's claims "are untimely" and the "continuing violation doctrine does not apply to salvage [Plaintiff's] claims." (Doc. No. 24).

On May 20, 2025, the R&R that was mailed to Plaintiff on April 15th was returned to the Clerk of Court with the notation "Return to Sender, Vacant, Unable to Forward." (Doc. No. 26). On May 23, 2025, Plaintiff filed a notice that he mailed his objections to the R&R on May 3, 2025. (Doc. No. 28). He subsequently filed a Motion to Vacate the Judgement pursuant to Fed. R. Civ.

P. 60, (Doc. No. 30), and a Motion for Extension of Time to file his notice of appeal, (Doc. No. 32). His motions will be denied.

**A. Motion to Vacate**

Rule 60(b) allows a party to seek relief from final judgment and reopen a case based on mistake or excusable neglect, newly discovered evidence, fraud, or the void or prospectively inequitable status of a judgment. See Rules 60(b)(1)–(5). Rule 60(b) also includes a "catchall" provision—Rule 60(b)(6)—that allows a district court to reopen a case for "any other reason that justifies relief." BLOM Bank SAL v. Honickman, 605 U.S. 204, 210 (2025).

Plaintiff asserts (without providing any evidence) that he mailed his objections to the R&R on May 3, 2025, and that it is not his fault that the Court did not receive them. (Doc. No. 30). Even accepting Plaintiff's unverified representation, his objections were mailed 18 days after the Clerk mailed the R&R to him. Moreover, it is Plaintiff's obligation to provide the Clerk with a current and accurate address. See L. Civ. R. 41.01(b). His failure to do so constitutes an independent basis for dismissal. Id. Simply put, Plaintiff's objections were untimely, and he has not demonstrated mistake or excusable neglect or any of the other requirements under Rule 60(b) to excuse his failure to file timely objections.

Regardless, even if Plaintiff had timely filed objections, they would have been overruled. His untimely objections simply repeat the arguments that the Magistrate Judge and this Court already rejected. Because his Rule 60(b) motion is predicated on the Court's failure to consider his objections, his motion is meritless. Rule 60(b) is not an opportunity for unhappy litigations to reargue their cases. See Hines v. Subodh Chandra, 2009 WL 3875238, at *1 (N.D. Ohio Nov. 18, 2009) (citing GenCorp, Inc. v. Olin Corp., 477 F.3d 368, 373 (6th Cir. 2007)).

### B. Motion for Extension of Time

Rule 4(a)(1) of the Federal Rules of Appellate Procedure provides, in relevant part, that the notice of appeal in a civil case "must be filed with the district clerk within 30 days after the judgment or order appealed from is entered." Fed. R. App. P. 4(a)(1)(A). Under Rule 4(a)(5)(A), the district court may extend the time to file a notice of appeal if:

> (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and
>
> (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that *party shows excusable neglect or good cause*.

Fed. R. App. P. 4(a)(5)(A) (emphasis added). Where a party fails to show excusable neglect or good cause, the motion must be denied—even when the party is proceeding *pro se*. See Cole v. Walmart (Super Ctr.), 2011 WL 685956, at *1 (W.D. Ky. Feb. 16, 2011). Plaintiff articulated no reason why he could not file a timely notice of appeal. He cites his pending Rule 60(b) Motion as a reason for granting his Motion for Extension of Time; however, the Rule 60(b) Motion did not toll Plaintiff's deadline to file a notice of appeal because it was not filed within 28 days of the judgment being entered. See Fed. R. App. P. 4(a)(4)(A)(vi); see also Avery v. Nicol, 208 F.3d 212 (Table), 2000 WL 282903, at *1 (6th Cir. 2000). Under these circumstances, there is no legal basis to grant Plaintiff's motion for more time to appeal, especially where he waived the right to further review by failing to file timely objections to the R&R.

### C. Conclusion

For these reasons, Defendant's Rule 60(b) Motion (Doc. No. 30) and his Motion for Extension of Time (Doc. No. 32) are **DENIED**.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE